Theresa ASHWORTH, Respondent,

v.

R. & H. ENTERPRIZES, INC., d/b/a Fred Astaire Dance Studio, Appellant.

No. 53399.

Supreme Court of Missouri,
Division No. 1.

Jan. 13, 1969.

F. Jack Burress, Joplin, Respondent's motion to dismiss taken with case.

Thaine Q. Blumer, Ronald P. Zolotor, Blumer, Wright, Bittiker & Rocha, Kansas City, for appellant.

HENRY J. WESTHUES, Special Commissioner.

This is an appeal from an order of the Jasper County Circuit Court denying a motion to set aside a default judgment.

The appellant in this proceeding, R. & H. Enterprizes, Inc., d/b/a Fred Astaire Dance Studio, filed a brief in this court claiming that it had no notice of respondent's claim and therefore the Circuit Court of Jasper County did not acquire jurisdiction to enter a judgment by default. The respondent, Theresa Ashworth, did not file a brief but did file a motion to dismiss the appeal, contending that appellant failed to make a fair, concise statement of the facts in violation of Supreme Court Rule 83.05, V.A.M.R. We have decided to dispose of the case on other grounds.

We shall refer to appellant as Dance Studio and to respondent as Mrs. Ashworth.

From the record and the brief of Dance Studio, we find the following to have occurred.

On November 19, 1965, Mrs. Ashworth began taking dancing lessons from Dance Studio in Joplin, Missouri. She had agreed to take lessons from that date to May 19, 1966. For these lessons she paid $256.25. On March 14, 1966, while Mrs. Ashworth was in the dance hall, members of the Dance Studio induced her to take more dancing lessons and had her sign a note for $3,200 and a deed of trust on a parcel of real estate to secure the payment of the note.

On September 2, 1966, Mrs. Ashworth filed a suit to set aside the note and deed of trust. Among the grounds alleged in her petition for setting aside the instruments were failure of consideration, undue influence, and inability to read and understand the nature of the papers she was asked to sign. We need not consider the merits of Mrs. Ashworth's claim. They are not before us for review.

On September 2, 1966, a summons was issued to the Sheriff of Jasper County. On September 16, 1966, the summons was returned "not served." An alias summons then was issued to the Sheriff of Jackson County, Missouri, directed to "R. & H. Enterprizes, Inc., d/b/a Fred Astaire Dance Studio." This summons was returned non

est. On the reverse side of the summons appeared the following: "Serve: Registered Agent, R. G. Horridge, Jr., 711 Truman Road, Kansas City, Missouri." The Dance Studio claimed that on January 2, 1965, it had designated Horridge at that address as its registered agent. A postcard dated September 28, 1966, from the Sheriff of Jackson County stated: "Our Deputy attempted to find R. G. Horridge, Jr. at 711 Truman Road for Service as Registered Agent for above named Defendant Corporation but there is no one at this address by this name. A man at this address said the last he heard of Mr. Horridge was that he was somewhere in Tennessee. What disposition do you want in this matter." An affidavit of Horridge was filed in the case wherein it was stated that he did make trips to Tennessee. Thereafter a summons was issued to the Sheriff of Cole County, Missouri. This summons, with a copy of the petition, was served on the secretary of state on October 13, 1966.

The trial court in its judgment entered November 14, 1966, setting aside the note and deed of trust, found that the secretary of state mailed the papers "to the registered office of the corporate defendant by registered mail, requesting a return receipt, signed by the addressee only, to the address furnished by the plaintiff and that said registered letter was returned unclaimed and said letter together with the Secretary of State's affidavit have been filed in this cause." The letter actually was mailed to Joplin, Missouri, and not to the Kansas City address.

On June 5, 1967, Dance Studio filed a motion to have the judgment set aside. Dance Studio's main contention is that no valid service of process was obtained and therefore the judgment was void.

We need not belabor the point of whether the service of process was sufficient. Dance Studio in its brief finds fault with Mrs. Ashworth's petition. It is said that she failed to state that Dance Studio re-tained possession or ownership of the note and deed of trust. Dance Studio makes the further statements in the brief that another corporation had become the owner of the instruments and had demanded payment in April, 1967; that Mrs. Ashworth replied that the note and deed of trust had been set aside by a court judgment; that it was then that Dance Studio first learned of the suit by Mrs. Ashworth. It was suggested by the attorney for Mrs. Ashworth that the attorney who wrote the letter demanding payment was the same attorney who represented Dance Studio. This was not denied.

Consideration of the facts of this case and the legitimate inferences to be drawn therefrom justifies the statement that the transaction concerning the note and deed of trust does not produce a pleasant aroma.

■ In 49 C.J.S. Judgments § 289, p. 533, it is stated that an applicant wishing to set aside a judgment must "show an interest in the judgment sufficient to entitle applicant to apply for its vacation * * *."

■ It must be noted that the judgment setting aside the note and deed of trust was not a personal judgment against Dance Studio. It was a judgment in rem only. If Dance Studio assigned the note and deed of trust to a third party *without recourse,* Dance Studio is no longer the principal party in interest. The real party in interest is this third party, the holder and owner of the note. This third party was not made a party to this proceeding. This fact alone justified the trial court in denying the motion to vacate at the request of Dance Studio.

In 49 C.J.S. Judgments § 293, at page 539, it is stated: "As a general rule all the parties to a judgment should be made parties to a proceeding to vacate or open it, as well as those who have acquired interests in the judgment, or under it, and therefore have an interest in maintaining it * * *." See also 49 C.J.S. Judgments § 384, p. 761.

It follows that the order of the trial court, denying the motion to set aside the default judgment, should be and is hereby affirmed.

PER CURIAM:

The foregoing opinion by HENRY J. WESTHUES, Special Commissioner, is adopted as the opinion of the court.

HENLEY, P. J., STORCKMAN, J., and HOLMAN, Alternate Judge, concur.

SEILER, J., concurs in result.